## Schifalacqua v. Atlantic City Railroad Co., Appellant.

*Negligence—Railroads—Workmen boarding trains — Judgment for defendant.*

1. Where a person boarding a train is not a passenger and has no intention of becoming a passenger he cannot complain of the failure of the railroad company to maintain its cars in safe condition or to operate them with due care. The company owes such a person no duty other than to avoid inflicting wilful injury upon him.

2. Where a workman desiring to secure employment from a railroad company boarded a laborers' train without permission from the company, or invitation from anyone in authority and without a ticket, and was injured in consequence of the breaking of the handlebar of the car which he was endeavoring to enter, together with other workmen employed by the railroad company, he cannot recover for the injuries sustained, there being nothing to show that the relation of passenger and carrier had been established between such workman and the railroad company.

Argued March 22, 1915.   Appeal, No. 370, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1907, No. 1612, on verdict for plaintiff, in case of Elderbrando Schifalacqua, a minor, by his next friend, Guelfo Perfetti, v. Atlantic City Railroad Company.   Before BROWN, C. J., MESTREZAT, ELKIN and STEWART, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,500 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Wm. Clarke Mason,* for appellant.

*Frederick J. Knaus,* with him *J. Washington Logue,* for appellee.

OPINION BY MR. JUSTICE STEWART, May 26, 1915:

Except as plaintiff was a passenger on a train of the defendant company when he was injured, he was in no position to complain of negligence on part of the defendant, either in failure to maintain its cars in safe condition, or in the operation of its trains, and refer his

injury to such negligence to supply a basis of recovery of damages. If not a passenger or intending passenger, the company owed him no duty other than to avoid inflicting willful injury. In the statement of claim filed it is not alleged that plaintiff was a passenger. The nearest approach to it is that he was injured "while lawfully attempting to board a car of defendant company, under its exclusive custody and control for the purpose of being transported from Winslow Junction, New Jersey, upon the road of the defendant company to a point at or near Folsom, New Jersey." He might have been lawfully attempting to board the car and yet not a passenger or intending passenger. The testimony of the plaintiff is more to the point and leaves no room for any presumption to operate. When asked what kind of a train it was that he attempted to board, his answer was, "an engine with three cars, passenger because there were seats inside." The fact as unmistakably disclosed in his later testimony, and the testimony of every witness in the case is, that it was exclusively a workmen's train, making a special trip that Sunday morning to carry laborers employed by the company in its construction work to their appointed place of work at Folsom. Not only does it not appear in the evidence offered in support of plaintiff's claim that he was in the company's employ at the time in any capacity whatever, but it does clearly appear that he attempted to board the train without invitation from anybody in authority, without ticket or leave, with a view of going to Folsom and there securing, if he could, employment from the defendant. The train carried many laborers, and when it reached an intermediate point where the workmen's tools were stored, it stopped, and all the men, as directed, left the train for the purpose of supplying themselves with the necessary tools, plaintiff among them, but without directions other than that addressed generally to the workmen aboard. The plaintiff got no tools for the reason, as he said, that those in

advance of him exhausted the supply, and he was told by some one that he could get his when he reached the place of work. His narrative then proceeds, "When all, some twenty-five or thirty of them, had returned to the station platform, some one, I presume was a boss, was near the station, the train was not moving yet, started shaking his hand. At that time I could not understand English at all. He was shaking his hands and hallooing orders to get the train, because he said the train was late. Then we went to the step, a whole bunch went to the step. Somebody else was on the step before me, between the car and the step. Then I went in myself." It was while attempting to board the car at this point that the accident happened. He testified that he got upon the lower step with both feet; that he could not get into the car "because somebody was between the step and the door of the car, because there were so many people"; that he was holding to the handlebar when the train started, and the movement of the car threw him back with the result that the handle-bar came off and he went down between the platform and the wheels. The plaintiff in his testimony unwarrantably appropriates to himself the direction of some one he presumes was a boss which was addressed to the body of workmen, that they should get the train because it was late. He nowhere says that he had been employed by the defendant company, or that he was invited by any one in authority to ride on the train, except as he included himself in the direction given to the workmen generally, or that his presence in the car as an unemployed person was known to any one in charge of the train. The uncontradicted testimony of defendant's witnesses was that he was not an employed laborer, that no one in authority had given him leave to ride on the train or knowingly suffered him to enter the car. On this state of the evidence it was submitted to the jury to determine whether or not the plaintiff was a passenger, with the following instruction: "We say to you that the first question you will solve is, was the

plaintiff a passenger or intended passenger, either by permission or invitation of the defendant company to its employees? If he was not, that would be the end of the case, and your verdict would have to be for the defendant....... If this was merely a train to carry workmen, then he would have no right, under the pleadings and the evidence in this case, to board it unless he was invited or permitted to do so, and if he was not invited or permitted to do so by the employees in control of the train, he would have no right to enter upon it, and if he did so and was injured, it would be the result of his own fault." That the train was exclusively a train to carry workmen was a fact not in dispute; it was conclusively shown by defendant's uncontradicted evidence, and there is nothing in the evidence offered by plaintiff to show that it was anything else. That either invitation or permission was given plaintiff by any one in charge of the train to enter the car nowhere appears in the evidence for the plaintiff, except as the general direction given by a presumed boss above referred to could be so construed; while, on the other hand, the uncontradicted evidence adduced by the defendant is to the effect that neither invitation nor permission was given by any employee. It is not a little significant that in his charge submitting the question to the jury the learned trial judge indicates nothing in the evidence even remotely tending to show that plaintiff was a passenger; and nothing is called to the attention and consideration of the jury in that connection. The fact is that the case was barren of such evidence, and therefore it was not a question for the jury. The trial judge was correct in holding that except as plaintiff was a passenger when injured there could be no recovery; but on the state of the evidence he should have held as matter of law that he was not a passenger, and directed a verdict for the defendant. Error in this regard is complained of in the first assignment of error, and this assignment is sustained.

It is unnecessary to go farther into the case. We may add, however, that even were plaintiff to be regarded as a passenger his case comes far short of showing negligence on part of the defendant company. The mere breaking of the handle rail which he claims was the proximate cause of his injury would not of itself, unexplained, establish negligence. The judgment for the reasons stated is reversed and judgment is now entered for the defendant.